# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANCHART SECURITIES INTERNATIONAL, INC., et al., <br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SERGIO GALVADON, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12cv2522-LAB (MDD)<br><br>**ORDER DENYING *EX PARTE* MOTION FOR LEAVE TO FILE REPLY; AND**<br><br>**ORDER STRIKING REPLY** |

On October 22, 2012, Plaintiffs filed an *ex parte* motion,[1] styled as an emergency motion, seeking to enjoin an arbitration hearing scheduled for Thursday, October 25, 2012. The motion itself exceeded 30 pages (not counting hundreds of pages of exhibits), in violation of Civil Local Rule 7.1(h), and the required courtesy copy was not received in chambers until October 24.

---

[1] Ordinarily, a party seeking a ruling from the Court must first obtain a hearing date from the clerk of the judge to whom the case is assigned. *See* Civil Local Rule 7.1(b). *See also* this District's Electronic Case Filing Administrative Policies and Procedures Manual, § 2(g). This normally results in a briefing schedule of at least 28 days. *See* Civil Local Rule 7.1(e)(1). A party seeking a shorter briefing schedule may file an *ex parte* motion to shorten time. *See* Civil Local Rule 7.1(e)(5). But where even this is not feasible, parties may file *ex parte* motions. *See* Civil Local Rule 7.1(h). *See also* Electronic Case Filing Administrative Policies and Procedures Manual, § 2(i) (providing for filing of *ex parte* motions, either with or without notice to opposing parties). Under these rules, therefore, an *ex parte* motion does not necessarily mean one filed without notice to opposing parties; it also includes a motion where opposing parties do not have the benefit of the full briefing schedule afforded a fully noticed motion.

In spite of the late notice and length of the briefing, Defendants managed to file a reply brief on October 23. The opposition was similarly over-length, and included over 100 pages of exhibits. In view of the time frame involved, the Court assumes Defendants prepared an opposition brief in anticipation of the *ex parte* motion, though it does not cite the motion in any great detail nor did it respond to all points raised in the motion. For example, the motion briefed the "sliding scale" alternative standard for temporary restraining orders, which is still recognized in the Ninth Circuit, while the opposition briefed only the four-factor test set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 20 (2008).

On October 24, Plaintiffs' counsel filed an *ex parte* motion for leave to file a reply brief.[2] Without waiting for leave, Plaintiffs' counsel then went ahead and filed the reply brief in the docket. (Docket no. 8.)[3] While it is understandable that Plaintiffs' counsel might have wanted to file the reply brief before the arbitration hearing on October 25, the urgency of the situation was of Plaintiffs' own making. The Court pointed this out in its order, also issued on October 24, denying the motion for temporary restraining order.

In addition to the fact that it was filed contrary to local rules, the reply brief is over-length, at 12 pages (plus nearly 70 pages of exhibits). *See* Civil Local Rule 7.1(h). Because it was filed in violation of applicable rules and the Court's own instructions, the reply brief (Docket no. 8) is **ORDERED STRICKEN**. Because the Court has already ruled on the motion for temporary restraining order, the motion for leave to file the reply brief is **DENIED AS MOOT**.

---

[2] The Civil Local Rules provide for a briefing schedule only for fully noticed motions, not for motions filed *ex parte*. *See* Civil Local Rule 7.1(e)(1)–(3). *See also* Civil Local Rule 7.1(e)(8) (providing that the Court may set special briefing schedules). Paragraph 8 of the chambers standing order sets a special briefing schedule for *ex parte* motions, directing a party wishing to oppose an *ex parte* motion should do so within two court days or the motion will be deemed unopposed. Briefing not provided for under applicable rules is not to be filed, absent an order of the Court. *See Rush v. Islands Restaurants, LP*, 2012 WL 4849016 at *1 (S.D.Cal., Oct. 11, 2012) (citations omitted) (citing authority for the provision that briefing not provided for under applicable rules may only be filed with the Court's leave, and otherwise is subject to being stricken).

[3] Even assuming it was urgently necessary that Plaintiffs' reply brief be considered, it wasn't necessary to violate the Court's instructions or local rules to get it seen by the Court. Plaintiffs' counsel could have attached it as an exhibit to the application for leave, which would have enabled the Court to know what the contents of the reply would have been.

1    More generally, the Court notes that counsel for both sides have been taking liberties with the rules and appear to have lost somewhat their perspective on this litigation. The Court understands the stakes are high, neither side wants to lose, and both sets of counsel are appropriately committed to representing their clients diligently and zealously. But there are reasonable limits to counsel's fervor that, in the Court's view, ought to be more carefully observed here. There also comes a point at which the return on efforts begins to diminish. For example, well over seventy pages of briefing, supported by hundreds of pages of exhibits, was filed beginning October 22, that required a ruling no later than October 24. The courtesy copies alone were several pages thick, and the first of them did not even reach chambers until October 24. "More is better" is generally not true of briefing; more often, the reverse is true—particular where, as here, the time frame is very limited.

Counsel for both sides are reminded that they are required to comply with all applicable rules and orders of the Court. They are directed to review this District's Civil Local Rules, this District's Electronic Case Filing Administrative Policies and Procedures Manual, and this chambers' own standing order.

**IT IS SO ORDERED**.

DATED: October 29, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge