# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANCHART SECURITIES INTERNATIONAL, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SERGIO GAVALDON, et al., <br><br> Defendants. | CASE NO. 12cv2522-LAB (MDD) <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; AND** <br><br> **ORDER TO SHOW CAUSE RE: MOOTNESS** |

Plaintiffs Stanchart Securities International *et al.* filed motions for a temporary restraining order (TRO) and a preliminary injunction, both of which Defendants opposed. On October 24, the Court denied the TRO.

Currently on calendar for Tuesday, November 13, 2012 at 11:15 a.m. is a hearing on the motion for preliminary injunction. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds this matter suitable for decision without oral argument. The hearing is **VACATED** and Plaintiffs' motion to appear telephonically (Docket no. 13) is **DENIED AS MOOT**.

The TRO application asked the Court to enjoin Defendants from going forward with an arbitration evidentiary hearing scheduled to commence on October 25, 2012, just three days after the motion was filed. The arbitration had been ongoing since January, 2011, however. The Court denied the TRO, finding Plaintiffs hadn't established irreparable harm.

/ / /

In advance of the hearing on the motion for preliminary injunction, the Court ordered Plaintiffs to file a notice stating what hearings or proceedings remained in the arbitration that they were seeking to enjoin. Plaintiffs filed their notice, stating that the evidentiary hearing begun on October 25 will have concluded on Monday, November 12 with the telephonic presentation of closing arguments by the parties. After that, the notice does not say what will happen, except that the panel will issue its decision and, presumably, make some kind of award.

A preliminary injunction is inappropriate for two reasons. First, Plaintiffs have asked the Court to enjoin Defendants from going forward with the arbitration. But based on the supplemental filing, the only anticipated event the Court could enjoin would be the arbitration panel's decision. But the Court cannot enjoin that decision, because the panel is not a party to this litigation. *See Zepeda v. U.S.I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1984) (court may only enjoin persons over whom the court has personal jurisdiction, such as parties); *Mitchell v. Askelson*, 2009 WL 1444694 at *2 (W.D.Wash., May 19, 2009) ("As the Court has no jurisdiction to enjoin the conduct of individuals who are not parties to the instant action, plaintiff's motion for preliminary injunctive relief fails on this basis alone.")

Second, because the only event remaining in the arbitration is the panel's issuance of its decision, Plaintiffs have shown no irreparable harm. In other cases, being forced to participate in arbitration proceedings was found to constitute irreparable harm. *See, e.g., Textile Unlimited, Inc. v. ABMH & Co.,* 240 F.3d 781, 786 (9th Cir. 2001) (affirming issuance of preliminary injunction based on finding that plaintiff would suffer irreparable harm if arbitration were not stayed); *Merrill Lynch Inv. Managers v. Optibase, Ltd.,* 337 F.3d 125, 129 (2d Cir. 2003) (holding that "being forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable" can constitute irreparable harm). But here all Plaintiffs face is being required to wait for the panel's award. They do not argue that having to wait for a decision would cause them harm, and in fact they have argued that a delay in adjudicating claims does not amount to harm. (Mot. for Prelim.

/ / /

Inj., 24:6–7, 24:16–17, 25:14–16 (arguing that a delay in adjudicating claims would not harm Defendants).)[1]

If it turns out that the award improperly decides non-arbitrable issues and is adverse to Plaintiffs, they have an adequate remedy at law, *i.e.*, they may have it vacated. Thus, it does not appear Plaintiffs would suffer irreparable loss if the arbitration proceeds. *See Textile Unlimited*, 240 F3d at 786 (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (preliminary injunction is "a device for preserving the status quo and preventing the irreparable loss of rights before judgment"). This too is a sufficient reason for denying relief.

The motion for preliminary injunctive relief is therefore **DENIED**.

Having reviewed the complaint, it is not clear to the Court what other issues remain to be adjudicated. If Plaintiffs are still seeking relief, they should file a memorandum of points and authorities, not longer than three pages, no later than **December 3, 2012**, stating what relief they are seeking and explaining why their claims are not moot. If the Court's denial of injunctive relief has rendered their claims moot, they should file a notice so stating. If they file nothing by December 3, this action will be dismissed as moot.

**IT IS SO ORDERED**.

DATED: November 9, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Here, Defendants are claimants in arbitration, *i.e.*, they are the parties seeking relief through arbitration.